UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BRIAN CONGELOSI,

Plaintiff,

SUPERINTENDENT DAVID MILLER,
Eastern Correctional Facility,

Defendant.

DECISION AND ORDER
02-CV-6014 CJS

**Siragusa, J.** This case is before the Court to consider objections raised by

Petitioner to the Report and Recommendation ("R & R") filed by United States Magistrate

Judge Victor E. Bianchini upon review of Petitioner's application for the issuance of a writ

of *habeas corpus* pertaining to his state court conviction. The law provides that in reviewing

the objections, this Court

> shall make a *de novo* determination of those portions of the report or specifi-
> ed proposed findings or recommendations to which objection is made. A
> judge of the court may accept, reject, or modify, in whole or in part, the find-
> ings or recommendations made by the magistrate judge. The judge may also
> receive further evidence or recommit the matter to the magistrate judge with
> instructions.

28 U.S.C. § 636(b)(1) (2005). Petitioner was convicted in a New York State court on

November 4, 1996, of depraved indifference murder, assault and felony driving while

intoxicated. He challenged his conviction in the New York courts by way of a direct appeal,

by way of New York Criminal Procedure Law Article 440 application, and a petition for a

writ of error *coram nobis*. He then filed the instant petition seeking from this Court a writ of

*habeas corpus* contending that the State courts had committed errors supporting eleven different grounds for overturning his conviction. The Court referred the matter to Judge Bianchini for a R & R, and based on that report, and a *de novo* review of the portions to which Petitioner objects, the Court adopts the recommendations of Judge Bianchini and dismisses the petition without issuing a certificate of appealability.

### *Failure to mention consideration of Petitioner's Supplemental Memorandum and Reply*

First, Petitioner objects that Judge Bianchini did not consider his "reply to the State's opposition." In this regard, it appears Petitioner is referring to the documents he entitled "Petitioner's Supplemental Memorandum of Law to his Title 28 U.S.C.A. 2254 Habeas Corpus Petition," (Docket No. 15, filed on Aug. 12, 2002), and "Petitioner's Reply in Response to Respondent's Answer in Opposition to Petitioner's Application for Writ of Habeas Corpus," (Docket No. 28, filed on Nov. 20, 2002). Petitioner concludes that, since Judge Bianchini did not specifically mention these documents in his R & R, he did not consider them.

By way of background, a week after Petitioner filed Docket No. 15, he filed an amended petition (Docket No. 17, filed on Aug. 19, 2002), including a memorandum of law, and exhibits (Docket Nos. 18–22). On October 21, 2002, Respondent filed his answer as well as the state court records. On November 20, 2002, Petitioner replied to the answer, and then, about a year later, on February 2, 2004, moved to file a supplemental pleading. Although Respondent opposed, in a September 2, 2004, Decision and Order, United States Magistrate Marion W. Payson granted Petitioner's application, deeming it a motion

to supplement his memorandum of law. Judge Payson set October 4, 2004,[1] for

Respondent to file a response to the supplemental memorandum and Respondent did so

in Docket No. 39, filed on November 4, 2004.

In her September 2, 2004, decision and order, Judge Payson did not provide

Petitioner an opportunity to reply[2] to Respondent's supplemental memorandum of law;

nevertheless, Petitioner did so in what he captioned, "Petitioner's Response to

Respondent's Supplemental Memorandum of Law," filed as Docket No. 41, on November

19, 2004.

Even assuming, *arguendo*, that Judge Bianchini's failure to reference the two

documents at issue (Docket Nos. 15 & 28) in his R & R means that he did not consider

them, as Petitioner suggests, the objection fails. Other than his conclusory statement that

Judge Bianchini would have come to a different result had he considered Docket Nos. 15

and 28, Petitioner makes no argument that by not considering those two documents, Judge

Bianchini came to the wrong conclusion in the R & R. Judge Bianchini, in a 58-page R &

R, thoroughly discussed the eleven grounds Petitioner raised in support of his petition.

### *Miranda issue*

Second, Petitioner objects to the R & R with respect to the *Miranda* issue he raised.

(Objection ¶ 2.) He maintains that the state courts erred in failing to suppress a statement

he made to Officer Fenton on the basis that he was subjected to a custodial interrogation

---

[1]In an Order docketed on October 20, 2004, Judge Payson granted Respondents an enlargement of time to November 4, 2004, to respond to Petitioners supplemental memorandum.

[2] Rule 5(e) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "a petitioner may submit a reply to the respondents answer or other pleading with any time fixed by the judge."

without first having been given his *Miranda* warnings. As to this issue, Judge Bianchini wrote, "I tend to agree with [Petitioner] that Officer Fenton should have known that his comment was at least 'reasonably likely to elicit an incriminating response.'" (R & R, at 16.) Therefore, Judge Bianchini, in fact, accepted Petitioner's argument that Officer Fenton conducted a custodial interrogation. Accordingly, Petitioner's objection, relating to his custodial status, is without merit.

Additionally, Petitioner argues that Judge Bianchini's erroneously determined that any *Miranda* violation on Officer Fenton's part was harmless beyond a reasonable doubt. In this regard, Petitioner contends that his statement that he had consumed "a couple of beers" earlier in the day, made in response to Officer Fenton's question, was the only direct evidence of voluntary intoxication[3] and, therefore, its admission was not harmless. (Objection ¶ 6.) However, Petitioner's argument ignores the other evidence of voluntary intoxication at trial, which Judge Bianchini listed in his R&R. Referring to the statement Petitioner made to Officer Fenton, Judge Bianchini wrote:

> This piece of evidence was a relatively insignificant part of the prosecution's proof that [Petitioner] was intoxicated, and voluntarily so: his B.A.C. result was 0.28–0.29, almost three times the legal limit; various witnesses observed his physical condition and combative, irrational behavior following the accident; he was seen holding a glass object in his hand while driving; and a nearly empty liquor bottle was found in his truck. *See, e.g.,* T.538, 552, 581-82. And, a nurse who treated [Petitioner] at the hospital testified that he had told her essentially the same thing he had said to Officer Fenton—that he had consumed a "couple of beers" earlier in the day. *See* T.538, 546-47. [Petitioner] also had told a paramedic at the accident scene that he had been coming from a party before the accident. T. 555-56. Thus, the statement which [Petitioner] sought to preclude was cumulative to other evidence regarding his voluntary intoxication so that its admission could not reasonably have had a detrimental effect on the verdict.

---

[3]He makes the same argument in his reply, Docket No. 28, at 5.

(R & R, at 16.) The Court concludes that even if the trial court had suppressed the statement made to Officer Fenton, probable cause existed for Petitioner's arrest and a reasonable jury could have found guilt beyond a reasonable doubt.

## Autopsy photographs

Third, Petitioner objects to Judge Bianchini's recommendation with respect to the autopsy photographs. Although Judge Bianchini agreed with Petitioner that the two, small, black and white photographs should not have been admitted, he nonetheless determined that their admission did not rise to a constitutional violation. As the Second Circuit stated in *Collins v. Scully*, 755 F.2d 16 (2d Cir. 1985):

> We are not here simply being called upon to apply rules of evidence that might permit the state court in its discretion to grant a new trial but rather are dealing with a more fundamental constitutional concept of fairness. The standard in our view should therefore be whether the erroneously admitted evidence, viewed objectively in light of the entire record before the jury, was sufficiently material to provide the basis for conviction or to remove a reasonable doubt that would have existed on the record without it. In short it must have been "crucial, critical, highly significant," *Nettles v. Wainwright,* 677 F.2d 410, 414-15 (5th Cir.1982) (internal quotation marks omitted).

*Collins*, 755 F.2d at 19. The record does not support a finding that the two autopsy photographs that were admitted were "crucial, critical, [or] highly significant." *Id.* Therefore, the Court rejects Petitioner's third objection.

## Ineffective assistance of counsel

Fourth, Petitioner objects to Judge Bianchini's recommendation that the preserved claim of ineffective assistance of counsel, based on the failure to move to suppress blood tests, is without merit. (Objection ¶ 12.) At the outset, it is well settled that to prevail on an ineffective assistance of counsel claim, Petitioner must show both (a) "that counsel's

representation fell below an objective standard of reasonableness....under prevailing professional norms," *Strickland v. Washington*, 466 U.S. 668, 688 (1984), and (b) "that the deficient performance prejudiced the defense," that is, "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable," *id.* at 687.

As to the blood test, the Court agrees with Judge Bianchini's interpretation of the holding by the New York Court of Appeals in *People v. Atkins*, 85 N.Y.2d 1007 (1995). In *Atkins*, the Court of Appeals held that where, as here, a motorist has consented to a blood test prior to arrest, the statutory prerequisites of New York State Vehicle and Traffic Law § 1194, relied on by Petitioner, do not apply. Accordingly, trial counsel's failure to move to suppress the blood test results as violative of the statute cannot be deemed ineffectiveness under the *Strickland* test. Consequently, the Court rejects Petitioner's fourth objection.

Fifth, Petitioner objects to Judge Bianchini's recommendation that trial counsel was not ineffective for deciding against introducing evidence regarding Petitioner's long standing alcoholism. (Objection ¶ 15.) The Court has reviewed Petitioner's arguments made in his objection and his memoranda of law and disagrees that trial counsel's failure to investigate and raise the issue of Petitioner's alcoholism amounted to ineffective assistance of counsel. Based on the state of the law at the time of Petitioner's trial, trial counsel's decision not to raise this defense was a reasonable strategic decision. *Strickland v. Washington*, 466 U.S. 668 (1984).

Sixth, Petitioner objects to Judge Bianchini's recommendation that appellate counsel was not ineffective "for failing to raise petitioner's right to be present at an unsupervised contact/communication between the court deputy and the jury and the right to have his trial

judge present at that critical stage...." (Objection ¶ 19.) After reviewing the arguments raised in Petitioner's objection, reply and his memoranda of law, as well as his petition for a writ of error *coram nobis*, the Court agrees with Judge Bianchini that Petitioner's contentions are without merit.

### *Jury charge misstatement and ineffectiveness of counsel*

Seventh, Petitioner objects to Judge Bianchini's recommendation that the trial court's misstatement of one of the elements of depraved indifference murder during one iteration of the charge to the jury is subject to harmless error analysis. (Docket No. 17, at 66; Objection ¶ 24.) More specifically, on one occasion, the trial court erroneously instructed the jury that conduct causing serious physical injury was an element of depraved indifference murder when, in fact, the applicable statute provides that a person "[u]nder circumstances evincing a depraved indifference to human life, he recklessly engages in conduct which creates a grave risk of death to another person, and thereby causes the death of another person." N.Y. Penal Law § 125.25(2). However, on this issue, the Court agrees with Judge Bianchini's analysis that "[w]here, as here, the omitted element was uncontested and was supported by overwhelming evidence, such that the jury verdict would have been the same absent the error, the reviewing court will properly find the mis-instruction to have been harmless." (R & R, at 51 (citations omitted).)

Eighth, Petitioner objects to Judge Bianchini's recommendation that trial counsel was not ineffective for failing to object to erroneous jury charges, including an erroneous verdict form, and that appellate counsel was not ineffective for failing to raise this issue on appeal. (Objection ¶ 28.) With regard to trial counsel, Judge Bianchini correctly determined that the claim was unexhausted and subject to a procedural bar. (R & R, at 42.) With

regard to appellate counsel, contrary to Petitioner's contention (Objection ¶ 30), Judge Bianchini, at page 52 of his R & R, specifically addressed the issue of appellate counsel's failure to object to the jury instructions and verdict form and found the claim to lack merit. After a review of the arguments Petitioner raises, the Court agrees there is no merit to his claim of appellate counsel ineffectiveness.

## *Eighth Amendment*

Ninth, Petitioner objects to Judge Bianchini's recommendation that Petitioner's sentence did not violate the Eighth Amendment's prohibition against cruel and unusual punishment prohibition. Essentially, Petitioner argues that his sentence was excessive, because he only had the *mens rea* of recklessness, not depraved indifference. (Objection ¶¶ 36–38.) Petitioner's case, though, does not fall within the Eighth Amendment's prohibition of extreme sentences that are grossly disproportionate to the crime. *Lockyer v. Andrade*, 538 U.S. 63, 72 (2003). The maximum sentence for his conviction was 25 years to life, and he received an aggregate sentence of 16 years to life, only one year more than the statutory minimum. "No federal constitutional issue is presented where, as here, the sentence is within the range prescribed by state law." *White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992) (citations omitted).

With regard to his *mens rea*, at the time of his conviction, under New York law, depraved indifference murder required that the prosecution establish recklessness. *People v. Register*, 60 N.Y.2d 270, 274 (1983). The court also wrote:

> A person acts recklessly when he is aware of and consciously disregards a substantial and unjustifiable risk (Penal Law, § 15.05, subd. 3), but to bring defendant's conduct within the murder statute, the People were required to establish also that defendant's act was imminently dangerous and presented

a very high risk of death to others and that it was committed under circumstances which evidenced a wanton indifference to human life or a depravity of mind…. The crime differs from intentional murder in that it results not from a specific, conscious intent to cause death, but from an indifference to or disregard of the risks attending defendant's conduct.

*Register*, 60 N.Y.2d at 274. About nine years after his conviction, in *People v. Suarez*, 6 N.Y.2d 202, 214 (2005), the New York Court of Appeals held that, "the statutory provision that a defendant act '[u]nder circumstances evincing a depraved indifference to human life' constitutes an additional requirement of the crime—beyond mere recklessness and risk—which in turn comprises both depravity and indifference…." The following year, the New York Court of Appeals wrote, "[w]e say today explicitly what the Court in *Suarez* stopped short of saying: depraved indifference to human life is a culpable mental state." *People v. Feingold*, 7 N.Y.3d 288, 294 (2006). The *Feingold* standard, however, is not retroactive to the date of Petitioner's conviction. *Polanco v. Herbert*, 307 F.3d 111 (2d Cir. 2007); *Policano v. Herbert*, 7 N.Y.3d 859 (2006).

### Certificate of appealability

Finally, Petitioner objects(Objection ¶ 39) to Judge's Bianchini's recommendation that no certificate of appealablity be issued. 28 U.S.C. § 2253 (1996). He requests that if the Court dismisses his petition, it issue a certificate of appealability. Should this Court not issue a certificate of appealability, Petitioner would have to apply to the Second Circuit Court of Appeals for a certificate. 28 U.S.C. § 2253(c)(1). The criteria for issuing a certificate of appealability is as follows:

A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. *See United States v. Lozada*, 107 F.3d 1011, 1013 (2d Cir. 1997). The statue mandates that the certificate of appealability, "shall indicate which specific issue or issues

satisfy the showing required by paragraph (2)." 28 U.S.C. § 2253(c)(2)....The petitioner need not show that he should prevail on the merits; instead, he need only demonstrate: (1) that the issues are debatable among jurists of reason; (2) that a court could resolve the issues in a different manner; or (3) that the questions are adequate as to deserve encouragement to proceed further. *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983).[4]

*United States v. Jeres*, Nos.96 Civ 2702(LBS), 92 CR 757(LBS), 1997 WL 639040,*1 (S.D.N.Y. Oct. 15, 1997). Here, Petitioner suggests in particular that the failure of trial counsel and appellate counsel to challenge the "erroneous jury charge and verdict form" raised in his eighth objection, discussed, above, meets this standard. The Court disagrees and finds that the claimed flaws in Petitioner's trial are not debatable among jurists of reason, not resolvable in a different manner, nor are the questions adequate to deserve encouragement to proceed further. *Id.* The Court, therefore, denies a certificate of appealability. Petitioner will have to apply directly to the Court of Appeals for a certificate. Accordingly, it is hereby,

ORDERED, that, after *de novo* review the R&R of United States Magistrate Judge Victor E. Bianchini's R & R (Docket No. 43) is accepted in whole; and it is further

ORDERED, that the petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 (Docket No. 17) is denied; and it is further

---

[4]In *United States v. Monroe*, 974 F. Supp. 1472, 1475 (N.D.Ga.1997), the district court observed that, "[t]he newly modified § 2253(c)(2), which provides that a certificate of appealability may issue 'only if the applicant has made a substantial showing of the denial of a constitutional right,' alters preexisting law, which defined the required showing as, a 'substantial showing of the denial of [a] federal right.' *Barefoot v. Estelle*, 463 U.S. 880, 881 (1983)."

ORDERED, that Petitioner's request for issuance of a certificate of appealability

pursuant to 28 U.S.C. § 2253 is denied.

It Is So Ordered.

DATED:      April 26 , 2009
            Rochester, NY

                              ENTER.


                              _Charles Siragusa_
                              CHARLES J. SIRAGUSA
                              United States District Judge